This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Charlie and Jacqueline Harris, appeal the decision of the Summit County Court of Common Pleas, which granted summary judgment to appellees, Steven Nome, Duane Groeger, and Robert Remmel. This Court affirms.
 I. {¶ 2} Appellants are the owners of real property located at 926 Yale Street, Akron, Ohio ("the property"). The City of Akron's Department of Health, Division of Housing ("the Housing Division") inspected the property on October 25, 1995, and found many housing code violations. Based on the results of the inspection, the Housing Division issued orders to comply pursuant to Section 150.21 of the City of Akron Housing Code.
 {¶ 3} Appellants filed a complaint in the Summit County Court of Common Pleas on October 26, 1999. Prior to filing their complaint in the Summit County Court of Common Pleas, appellants and their relatives had filed multiple actions involving the same matters that constitute the basis of the claims in this appeal in the United States District Court, Northern District of Ohio, Eastern Division. In addition, appellants attempted to file three new cases in the trial court. Appellees removed two of the three cases to federal court where they were consolidated with appellants' other pending federal cases. Due to extenuating circumstances, the subject of this appeal was not removed to federal court.
 {¶ 4} Shortly after the filing of the complaint in the trial court, the parties agreed to an order staying the proceedings and any enforcement action by appellees pending the outcome of the appellants' six consolidated federal cases. On February 16, 2001, appellees notified the trial court that the property had become a serious health hazard. Ultimately, the federal court granted summary judgment to appellees regarding all of appellants' constitutional and tort claims and the Sixth Circuit Court of Appeals affirmed.
 {¶ 5} After the Sixth Circuit released its opinion, the trial court rescinded the stay and reactivated the present case, permitting appellees to proceed in remedying the serious health hazard at the property. On February 19, 2002, appellees filed a motion seeking disposition of the case on the basis of a dismissal pursuant to Civ.R. 12 and/or upon the basis of summary judgment. On April 2, 2002, the trial court granted summary judgment in favor of appellees.
 {¶ 6} Appellants timely appealed, setting forth six assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR {¶ 7} "THE COURT ERRED IN THAT IT DID NOT ADDRESS THE COMPLAINTS FILED BY THE APPELLANTS, WHICH WERE: CHAIN CONSPIRACY, HARASSMENT, ILLEGALLY OBTAINED EVIDENCE [sic.] MALICIOUS MOTIVE, OBSTRUCTION, ABUSE OF POWER. (CASE NO. CV 99 10 4327)"
 SECOND ASSIGNMENT OF ERROR {¶ 8} "THE COURT ERRED IN CONDUCTING A COURT HEARING WHEN THE APPELLANTS WERE NEVER NOTIFIED BY THE COURT OR THE APPELLEES BY A NOTICE OR ANYTHING."
 THIRD ASSIGNMENT OF ERROR {¶ 9} "THE COURT ERRED IN ALLOWING A STAY OF PROCEEDINGS TO BE DISMISSED BASE [sic.] ON SO CALLED EVIDENCE THAT WAS NEVER FILED OF RECORD OR PRESENTED TO THE APPELLANTS. THERE WERE NO AFFIDAVITS FILED. THE COURT ALSO ALLOWED THE APPELLEES TO PURSUE THE APPELLANTS WHILE A STAY WAS PERMITTED."
 FOURTH ASSIGNMENT OF ERROR {¶ 10} "THE COURT IGNORED THE SWORN STATEMENTS OF HARRY LAMB AND ATTORNEY JAMES BROWN PROVING THAT HARRY LAMB HAD COMPLETE CONTROL OF THE PROPERTY LOCATED AT 926 YALE STREET AND THAT ATTORNEY BROWN NEGLECTED TO FILE THE APPROPRIATE DOCUMENTS. ALSO, THE FACT THAT HARRY LAMB FILED A COUNTER CLAIM AGAINST THE APPELLANT FOR QUITE TITLE OF THE PROPERTY WAS IGNORE[D]. JACQUELINE HARRIS V. HARRY LAMB, CASE NO. CV 95 12 4318, IN THE COURT OF COMMON PLEASE, SUMMIT COUNTY, OHIO. THAT CASE WAS SETTLED WITH HARRY LAMB BEING RESPONSIBLE FOR THE TOTAL REPAIRS AND MAINTENANCE OF THE PROPERTY AND ATTORNEY BROWN WOULD DO ALL OF THE NECESSARY LEGAL DOCUMENTATION. ATTORNEY BROWN AGREED IN THE JUNE 21, 2001 TRANSCRIPT THE HE NEGLECTED TO DO THE DOCUMENTATION. [sic.]"
 FIFTH ASSIGNMENT OF ERROR {¶ 11} "THE COURT IGNORED THE FACT THAT APPELLEES DEFIED DIRECT INSTRUCTIONS TO INFORM THE APPELLANTS OF THEIR ENTERING THE UNIT THREES [sic.] DAYS PRIOR TO ENTERING. THE APPELLEES WERE ISSUED A WARRANT WITHOUT ANY EVIDENCE FILED IN THE COURT OR PRESENTED TO THE APPELLANTS."
 SIXTH ASSIGNMENT OF ERROR {¶ 12} "THE COURT IGNORED THE FACT THAT THE APPELLEES ACCOMPLISHED JUST WHAT THE APPELLANT'S INITIAL COMPLAINT STATED THEY WOULD DO. THEY COMMUNICATED WITH HARRY LAMB AND ATTORNEY JAMES BROWN TO DELIBERATELY APPLY THE MANDATORY INSPECTION UPON THE APPELLANTS. INSTEAD OF TREATING THE UNIT AS AN OWNER OCCUPIED UNIT THEY SOUGHT TO HARASS THE APPELLANTS SO MUCH THAT THEY QUICKLY AND WITH NO LEGAL REALIZATION SIGNED FOR THE UNIT TO BE RAZED THINKING THAT WOULD BE A REMEDY FOR THE THOUSANDS OF DOLLARS THAT THE APPELLEES STATED THEY WOULD BE CHARGED IN A NOTICE SENT TO THE APPELLANTS. (APP 4, TAB D) APPELLANTS ARE AT PRESENT IMPLEMENTING THE MANDATORY INSPECTION DIRECTLY TO THE APPELLANTS FOR NO OTHER REASON THAN BECAUSE DOCUMENTS WERE NOT FILED. (APP 3, TAB C)"[1]
 {¶ 13} Appellants have set forth six assignments of error in an attempt to prove that the trial court erred in awarding summary judgment to appellees. The assignments of error will be combined for ease of discussion.
 {¶ 14} This Court notes that appellants have failed to set forth a single, legal authority to support their contention that the trial court erred in awarding summary judgment to appellees. Moreover, appellants have failed to provide references to the pertinent parts of the record necessary to this Court's review. An appellant bears the burden of affirmatively demonstrating error on appeal. Ivery v. Ivery, (Jan. 12, 2000), 9th Dist. No. 19410. To that end, the brief of an appellant must contain argument and law, with citations to the authorities, statutes, and parts of the record on which the appellant relies. App.R. 16(A)(7). See, also, Loc.R. 7(A)(7); Loc.R. 7(E). Because appellants have failed to comply with App.R. 16(A)(7) and Loc.R. 7(A)(7) and (E), they have not demonstrated any error by the trial court.
 {¶ 15} It is not the obligation of an appellate court to search for authority to support an appellant's argument as to an alleged error. See Kremer v. Cox (1996), 114 Ohio App.3d 41, 60. "If an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349, 18673. If the party presenting an assignment of error for review fails to identify in the record the error on which it is based, this Court may disregard the assignment of error. App.R. 12(A)(2).
 {¶ 16} As appellants did not cite to any legal authority or to any specific portion of the record to support their assignments of error, their assertions cannot be considered as sufficient to carry their burden of proving that the trial court erred in awarding summary judgment to appellees. Therefore, appellants' assignments of error are overruled.
 III. {¶ 17} The judgment of the Summit County Court of Common Pleas is affirmed.
WHITMORE, J., BATCHELDER, J. CONCUR.
[1] Only the first paragraph of appellant's sixth assignment of error has been reproduced. Appellant's actual assignment of error consists of five paragraphs.